[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
On May 7, 2001, the defendant, Connecticut Department of Motor Vehicles ("DMV"), suspended the driver's license of plaintiff, Mary M. Krinsky, due to her failure to comply with DMV's request that she submit a medical report from a physician who is an alcohol or drug specialist. The ultimate issue in this administrative appeal is whether that request was arbitrary or capricious. For the reasons stated below, the court finds that the request was not arbitrary or capricious and therefore dismisses this appeal.
BACKGROUND
This case has a long history. The salient facts are as follows. DMV CT Page 14492 suspended the plaintiffs driver's license on May 30, 1998 due to her failure to submit medical reports that DMV had earlier requested. At that time, DMV had already suspended the plaintiffs license based on two operating under the influence of alcohol violations. (Return of Record ("ROR"), Item 12 (Hearing Officer's Decision), ¶ 1.)[1]
The plaintiff attempted to reinstate her license beginning in May, 2000. (ROR, Item 12, ¶ 3.) Over the next several months, the plaintiff submitted several medical reports from her physician, whose speciality is internal medicine, and her husband, who is also a physician, along with blood test results. (ROR, Items 6, 8, 10 (see attachments to February 25, 2001 Petition for Restoration.)) DMV referred these reports to a Motor Vehicle Operator's License Medical Advisory Board, the statutory mission of which is to "advise the commissioner [of motor vehicles] on the medical aspects and concerns of licensing operators of motor vehicles." General Statutes § 14-46b(a).
In its first report to the commissioner, dated December 1, 2000, the medical advisory board concluded that the plaintiff should not operate a motor vehicle primarily because she continued to drink every two weeks and had a record of erratic behavior. (ROR, Item 9.) In its second report of January 29, 2001, the board reached the same conclusion and expressed the need for an evaluation by an alcohol/drug professional. (ROR, Item 7.) Finally, on March 2, 2001, the board concluded that the plaintiff appeared qualified to drive but should submit a medical report every three months for two years. The board's report did, however, question whether a psychiatrist had evaluated the plaintiff. (ROR, Item 11.)
All of these reports came into evidence at the DMV restoration hearing conducted on March 16, 2001. At the conclusion of the hearing, the hearing officer requested that the plaintiff provide, within one month, a report from a therapist who had treated the plaintiff as well as a report from a physician who specialized in substance abuse issues. (ROR, Item 2 (Transcript of Proceedings), pp. 19-21.) The plaintiff agreed that that approach was fair. (ROR, Item 2, p. 21.)
As of May 7, 2001, almost two months after the hearing, the plaintiff had failed to submit a medical report from a physician specializing in alcohol and drug abuse. (ROR, Item 12, ¶ 7.) Accordingly, the hearing officer concluded that the plaintiffs driving privilege should remain withdrawn "until such time that she submits substantial medical evidence regarding her ability to safely operate a motor vehicle to the Medical Qualifications Unit at which time a redetermination concerning her eligibility will be made." (ROR, Item 12, p. 2.) The plaintiff has appealed to this court. CT Page 14493
DISCUSSION
Judicial review of an administrative agency's action is governed by the Uniform Administrative Procedure Act ("UAPA"). General Statutes § 4-166
et seq. The scope of that review is very restricted. See MacDermid, Inc.v. Department of Environmental Protection, 257 Conn. 128, 136-37,___ A.2d ___ (2001). Section 4-183 (j) of the General Statutes provides as follows:.
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"It is fundamental that a plaintiff has the burden of proving that the [agency], on the facts before [it], acted contrary to law and in abuse of [its] discretion. . . ." (Internal quotation marks omitted). Murphy v.Commissioner of Motor Vehicles, 254 Conn. 333, 343, 757 A.2d 561 (2000).
Contrary to the plaintiffs argument, the hearing officer's requirement that the plaintiff obtain a report from a physician specializing in substance abuse was not arbitrary or capricious. The Medical Advisory Board had made a very similar recommendation only two months earlier. Although in its last report the Board recommended that DMV reinstate the plaintiffs operating rights, the Board also expressed concern over whether a psychiatrist had evaluated the plaintiff. In any event, DMV by statute "shall give due consideration to any recommendations of the board and to any reports, records or opinions submitted pursuant to [other statutes], but such recommendations, reports, records or opinions shall be merely advisory and not binding on the commissioner." General Statutes §14-46e (a).
Our statutes also provide that "[i]f any applicant or operator license holder has any health problem which might affect such person's ability to operate a motor vehicle safely, the commissioner may require . . . a CT Page 14494 certificate of such applicant's condition, signed by a medical authority designated by him. . . ." General Statutes § 14-36(e)(4). The plaintiff herself agreed at the hearing that the requirement of providing a report from a physician specializing in substance abuse was fair. The hearing officer was not required to accept blindly the contrary view of the plaintiffs physician, who was not an alcohol and drug specialist, or the plaintiffs husband. In view of the plaintiffs history of alcoholism, the recurrent nature of that disease, the conflicting medical evidence regarding the plaintiffs current condition, the public interest in highway safety, and the statutory scheme, the hearing officer's decision to require an additional report from a specialist was certainly a reasonable one.
Given the reasonableness of the hearing officer's order to obtain a specialist's report, DMV did not act arbitrarily or capriciously on May 7, 2001 in continuing the plaintiff's suspension due to her failure to comply with this order. General Statutes § 14-46e(b) specifically provides that "[a]ny person who is the subject of any inquiry under sections 14-46a to 14-46g, inclusive [governing the Medical Advisory Board], who refuses to submit to a physical examination or provide other information requested by the commissioner or board shall be considered unfit to operate a motor vehicle until he complies with such request." Thus, DMV's action was sanctioned, if not required, by statute.
Although the plaintiff claimed at oral argument in this court that she was unable to find and pay for an evaluation by a physician who specialized in alcohol and drug dependency, the record does not support this claim. There is no evidence in the record that between March 16 and May 7, 2001 the plaintiff made even a minimal attempt to comply with DMV's order, or that she made any request of DMV for more time. The record does reveal, and the plaintiff has made no secret of the fact, that she has a J.D., a Ph.D, and is a patent attorney, and that her husband is a physician and a member of Yale Medical School faculty. Given those facts, her contention that she was unable to find and afford a physician specializing in substance abuse has a hollow ring.
CONCLUSION
The plaintiff having failed to sustain her grounds for this appeal, the appeal is dismissed. Z
 Carl J. Schuman Judge, Superior Court